# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MONTRAIL CORTEZ FORTE**                                             **PETITIONER**
**Reg. #20029-033**

V.                          No. 2:25-cv-00052-JM-ERE

**CHAD HUMPHREY, Warden**
**Forrest City Correction Institution**                               **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this RD. Any objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this RD. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this RD without independently reviewing the record.

## I.   Introduction

Petitioner Montrail Forte, a Bureau of Prisons ("BOP") inmate at the Forrest City Low Federal Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the BOP failed to apply jail credits for time spent in federal custody before his sentence was imposed. *Doc. 1*. For reasons that

follow, the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## II. Background

On November 18, 2020, Mr. Forte pleaded guilty in the United States District Court for the Western District of Kentucky to possession with intent to distribute and distributing methamphetamine. *Doc. 8-2*. On March 1, 2021, he was sentenced to 120 months in the BOP, followed by five years of supervised release. *Id*. Mr. Forte's expected release date is August 28, 2029. *Doc. 8*.

On March 18, 2025, Mr. Forte filed a § 2241 habeas petition alleging that the BOP has failed to give him credit for time spent in federal custody before he was sentenced on March 1, 2021.

Respondent contends that Mr. Forte failed to exhaust his administrative remedies and, even if he had, his claims are meritless. *Doc. 8*.

Mr. Forte was advised that he could file a reply by May 22, 2025, but he has not filed one. *Doc. 9*.

## III. Discussion

A federal inmate typically must exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Although this judicially created exhaustion requirement is not mandated by statute, it is designed to serve several purposes including:

2

(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

Mr. Forte submitted a grievance related to the issues raised in this habeas petition, but, based on Respondent's undisputed evidence, he did not fully exhaust his administrative remedies by completing the fourth step of the administrative process.[1] Specifically, Mr. Forte "failed to submit an appropriate BP-11 and failed to resubmit his BP-11." *Doc. 8.* In other words, although Mr. Forte initiated the grievance process and an appeal, he did not exhaust the entire appeal process.[2]

---

[1] The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

[2] The Eighth Circuit has recognized that courts may craft exceptions to judicially created exhaustion requirements "where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the . . . administrative agency below." *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (quoting *Hormel v. Helvering,* 312 U.S. 552, 557 (1941)). The exhaustion requirement may be excused, for example, where a party shows that pursuing an administrative remedy would be futile. *Id*. (citing *City Bank Farmers' Trust Co. v. Schnader,* 291 U.S. 24, 34 (1934)). However, Mr. Forte has not presented any excuse for his failure to exhaust.

While I may overlook Mr. Forte's failure to exhaust and proceed to the merits, deciding whether to do so requires balancing Mr. Forte's interest "in retaining prompt access to a federal judicial forum" with the BOP's "institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). Mr. Forte does not allege that he will suffer prejudice absent immediate habeas review, and, considering his anticipated release date of August 28, 2029, he has time to complete the exhaustion process. Whether Mr. Forte is entitled to have additional jail credits applied to his sentence is an issue that should be developed through exhaustion of available administrative remedies. Mr. Forte must present his claims to the BOP and complete each step of the administrative exhaustion process *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Forte disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Montrail Forte's petition for writ of habeas corpus (*Doc. 1*) be dismissed, with prejudice.

Dated 30 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE